UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XDOOD LLC, derivatively on behalf of ELTEK, LTD., <br><br> Plaintiff, <br><br> v. <br><br> INTERACTIVE BROKERS GROUP, INC., MORGAN STANLEY SMITH BARNEY LLC, and JOHN DOES 1-10, <br><br> Defendants | Civil Action: 1:25-cv-08536 |

**DECLARATION OF ADAM KATZ**

1. I, Adam Katz, am an attorney licensed to practice law in the State of New York and in this Court, among other jurisdictions. I am a partner in the law firm Goldberg Segalla, LLP, current counsel for XDOOD LLC, derivatively on behalf of Eltek, Ltd. ("Plaintiff"). As such, I am fully familiar with the facts set forth herein.

2. I submit this declaration in support of Goldberg Segalla, LLP's and my (collectively, "Undersigned Counsel") motion to withdraw as counsel for the Plaintiff.

3. With great regret, Undersigned Counsel is required to file this motion due to irreconcilable differences related to motion practice. Undersigned Counsel is mindful of maintaining attorney-client privilege, even amidst this motion, and therefore is limited in the details that can be shared, but some are publicly known by opposing counsel.

4. Counsel at Jones Day LLP, for non-party Interactive Brokers, LLC reached out to Undersigned Counsel to explain that we named the incorrect party as a defendant, i.e., Interactive Brokers, Inc., the holding company and parent company for Interactive Brokers, LLC.

5. After both Undersigned Counsel and main counsel (as discussed *infra*) conducted due diligence, undersigned counsel realizes that Interactive Brokers, LLC is the correct defendant in this action.

6. Undersigned counsel explained this to the client representative in several emails and phone conversations that took place between December 16-17, 2025, but despite the foregoing, Plaintiff insists on keeping Interactive Brokers, Inc. in the case as a party, and will not add the LLC entity. This which will undoubtedly lead to unnecessary motion practice before the Court, especially since counsel for Interactive Brokers, LLC was willing to stipulate to a simple amendment to the caption and the relevant party-related allegations in the Complaint.

7. Undersigned counsel does not want to pursue unnecessary motion practice based on facially defective pleadings that could easily be remedied.

8. The client representative also initially refused to give a brief courtesy extension over the holidays for defendants to respond to the amended complaint and the clients' insistence that it knew the rules of service better than Undersigned Counsel, have created further irreconcilable differences and an air of distrust that make undersigned counsel unable to continue to represent Plaintiff in this matter.

9. Additionally, Undersigned Counsel was retained to be local counsel for Plaintiff in or about early 2025. Undersigned counsel was intended to partner with Joe Sibley, Esq. or Camara & Sibley LLP, where Mr. Sibley and his firm was supposed to handle the lion's share of drafting responsibilities, discovery, and day-to-day handling of the case. Undersigned Counsel was supposed to review filings for compliance with local rules and procedures, and to appear for in-person hearings and conferences.

10. At this time, Mr. Sibley and his firm are unwilling to put in an appearance at this time, given the irreconcilable differences cited *supra*. Due to a case load of 20 active cases and the complexities of this stock manipulation case, Undersigned Counsel is ill-equipped and unable to act as the main counsel for Plaintiff in this action, especially given the likely motion practice that will ensue. Specifically, in the next 60 days, I have several cases heading to multiple days of depositions, hearings, and court appearances in Northern Connecticut, Washington, DC, New York, and potentially the West Coast. There aren't other members of the firm in New York who can oversee this complex stock manipulation case at this time.

11. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: January 5, 2026

_____
Adam Katz