UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XDOOD LLC, derivatively on behalf of ELTEK, LTD., <br><br> Plaintiff, <br><br> v. <br><br> INTERACTIVE BROKERS GROUP, INC., MORGAN STANLEY SMITH BARNEY LLC, and JOHN DOES 1-10, <br><br> Defendants | Civil Action: 1:25-cv-08536 |

MEMORANDUM OF LAW IN SUPPORT OF GOLDBERG SEGALLA LLP'S AND ADAM KATZ, ESQ.'S MOTION TO WITHDRAW AS COUNSEL

        Goldberg Segalla, LLP
        Adam S. Katz, Esq.
        711 Third Avenue, 19th Floor
        New York, New York 10017
        akatz@goldbergsegalla.com
        646-292-8787

Goldberg Segalla, LLP ("Goldberg Segalla") and Adam S. Katz, Esq. respectfully submit this memorandum of law in support of its motion to withdraw as counsel of record for Plaintiff XDOOD LLC, derivatively on behalf of Eltek, Ltd. ("Plaintiff"), on the grounds of irreconcilable differences.

## PRELIMINARY STATEMENT

It is with regret that undersigned counsel is forced to make this motion to withdraw. As set forth in more detail *infra* and in the accompanying declaration of Adam S. Katz, Esq., dated January 4, 2026 (the "Katz Dec."), the relationship between counsel and the Plaintiff has been fraught with differences that have now become irreconcilable and hinder the ability to represent Plaintiff. These differences range from the mundane, such as granting a routine extension of time to defendants to respond to the complaint, to more serious differences, like forcing the parties to engage in unnecessary motion practice related to the proper party in the action and related questioning of counsel's view on the proper course of action on how to proceed over an unnamed entity in this matter. Additionally, undersigned counsel was retained as local counsel. The Plaintiff's main counsel who never made an appearance now is unwilling to do so. Undersigned counsel does not have the capacity and the capability to lead this complex securities fraud and stock manipulation case by himself.

With respect to timing, this dispute is at its nascent stages—before discovery has begun and even before the parties have answered—so there is no prejudice to the Plaintiff in withdrawing as their counsel. The Plaintiff should be entitled to have the counsel that best suits their needs and strategy. Based on the foregoing, undersigned counsel respectfully requests to be granted leave to withdraw as counsel for Plaintiff in the above-referenced matter.

## STATEMENT OF FACTS

Undersigned counsel respectfully incorporates the facts set forth in the accompanying declaration of Adam S. Katz, Esq., dated January 5, 2026 (the "Katz Dec.") and in this memorandum of law, *infra*, as if fully set forth herein.

## ARGUMENT

Under Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

SDNY Local Rule 1.4. Accordingly, "[t]he decision to grant or deny a motion to withdraw is within the district court's discretion. In making the determination, the Court should consider (i) the reasons for withdrawal, and (ii) the impact of the withdrawal on the timing of the proceeding. *Sound Around, Inc. v. Friedman*, 24-CV-1986, 2025 U.S. Dist. LEXIS 231922, *4 (S.D.N.Y. Nov. 25, 2025), *citing Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011); *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB)(JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011).

    A.  *Irreconcilable Differences Merit Withdrawal As Counsel*

Irreconcilable differences between the client and the attorney is a basis for withdrawal recognized under Local Rule 1.4. "When a client makes it unreasonably difficult for an attorney to effectively carry out representation for the client, that is sufficient grounds to grant the application for withdrawal." *Tyler v. Petersen*, 2025 U.S. Dist. LEXIS 68085, *3-4 (E.D.N.Y. Apr. 9, 2025) *citing Tokarz v. LOT Polish Airlines*, No. 96-CV-3154 (FB)(JMA), 2005 U.S. Dist.

LEXIS 60333, 2005 WL 8161165, at *2 (E.D.N.Y. June 20, 2005) (citation omitted) and *Casper v. Lew Lieberbaum & Co.*, 1999 U.S. Dist. LEXIS 7779, 1999 WL 335334, at *4 (S.D.N.Y.1999) ("[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.").

Here, there is a path of irreconcilable differences that exist between client and undersigned counsel that do not make continued representation possible.  Specifically, and without betraying attorney-client privilege, counsel for non-party Interactive Brokers, LLC reached out to undersigned counsel to explain that we named the incorrect party as a defendant, i.e., Interactive Brokers, Inc., the holding company and parent company for Interactive Brokers, LLC.  After conducting due diligence, undersigned counsel now believes that Interactive Brokers, LLC is the correct party, as the broker who operated the account to name as a defendant.  Undersigned counsel explained this to the client representative in several emails and phone conversations that took place between December 16-17, 2025, but despite the foregoing, Plaintiff insists on keeping Interactive Brokers, Inc. in the case as a party, which will undoubtedly lead to unnecessary motion practice before the Court, especially since counsel for Interactive Brokers, LLC was willing to stipulate to a simple amendment to the caption and the relevant party-related allegations in the Complaint. *See* Katz Dec. ¶¶ 4-6.  Undersigned counsel does not want to pursue unnecessary motion practice based on facially defective pleadings that could easily be remedied. *Id.* at ¶ 7.   This, coupled with the client's initial refusal to give a brief courtesy extension over the holidays for defendants to respond to the amended complaint and the clients' insistence that it knew the rules of service better than undersigned counsel, have created irreconcilable differences that make undersigned counsel unable to continue to represent Plaintiff in this matter.  Katz Dec. ¶ 8.

Additionally, Goldberg Segalla and Adam S. Katz were initially retained as local counsel in this matter. Camara & Sibley LLP, a Texas-based law firm, were intended to be the main counsel on this case, overseeing the strategy on day-to-day motion practice and discovery on this case. Given the irreconcilable differences cited *supra,* Mr. Sibley no longer intends to put in an appearance and *pro hac vice* motion in this matter. As set forth in the accompanying Katz Declaration, undersigned counsel does not have the capability or capacity to act as lead counsel in this complex stock manipulation case (*See* Katz Dec. ¶¶ 9-10), thereby providing another basis for withdrawal as counsel.

  B. *There is no Prejudice to Plaintiff to Withdraw as Counsel*

Withdrawing at this stage of the litigation would not unduly disrupt the existing case schedule. "Where discovery has not yet closed and a case is not 'on the verge of trial readiness,'" withdrawal of counsel is unlikely to cause either prejudice to the client or such substantial disruption to the proceedings as to warrant a denial of leave to withdraw. *Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12 Civ. 7424 (JMF), 2013 U.S. Dist. LEXIS 12093 \*, at \*1 (S.D.N.Y. Jan. 29, 2013) (quoting *Blue Angel Films*, 2011 WL 672245, at \*2); *accord Karimian,* 2011 WL 1900092, at \*3. Indeed, courts frequently grant motions to withdraw as counsel at equivalent, or even later, stages of litigation. *See, e.g., D.E.A.R. Cinestudi, S.P.A. v. Int'l Media Films, Inc.,* 03 Civ. 3038, 2006 U.S. Dist. LEXIS 40162, at \*1-2 (S.D.N.Y. Jun. 15, 2006) (granting counsel's motion to withdraw due to lack of payment of fees where discovery was complete and trial was months away).

Here, there would be no prejudice to Plaintiff at this time. The litigation is in its nascent stages. The defendants have not answered or otherwise amended the complaint and discovery has not commenced. The Court has not even held an initial conference to set a discovery schedule.

Thus, there would be no prejudice in allowing undersigned counsel to withdraw as counsel. Conversely, it would be highly prejudicial to allow undersigned counsel to remain as counsel, given the irreconcilable differences between the client and counsel. Based on the foregoing, undersigned counsel respectfully requests that the Court grant its motion to withdraw as counsel.

## CONCLUSION

Based on the foregoing, the Court should grant the motion of Goldberg Segalla and Adam S. Katz Esq., and allow them to withdraw as counsel for Plaintiff in the above-captioned matter.

Date: January 5, 2026

Goldberg Segalla, LLP

By: */s/ Adam S. Katz*
    Adam S. Katz, Esq.
    711 Third Avenue, 19th Floor
    New York, New York 10017
    akatz@goldbergsegalla.com
    646-292-8787

*Attorneys for Plaintiff XDOOD LLC,
derivatively on behalf of Eltek, Ltd.*