UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

January 12, 2026
VIA ECF
Hon. Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: XDOOD LLC v. Interactive Brokers Group, Inc. Et al.,  1:25cv08536 (LAK)**

Letter Regarding Client-Attorney Relationship Breakdown

Dear Honorable Judge Kaplan:

    Attached is a signed notarized affidavit from myself regarding all matters below and contained herein. (EXHIBIT A)

    I, Michael McGauley, am the sole owner and a principal of XDOOD LLC ("XDOOD"), the corporate Plaintiff in this action. I submit this letter solely to provide factual information regarding the breakdown of the client-attorney relationship with Joe Sibley ("Sibley") and Adam S. Katz ("Katz") (together, "Counsel"). The Plaintiff is presently without counsel and, as the Court knows, cannot appear pro se. Because the Plaintiff cannot appear pro se, the Plaintiff is procedurally unable to participate in the case without the Court's guidance.

    As a principal of XDOOD, I act to fulfill XDOOD's fiduciary duties to Eltek Ltd. and its shareholders in this derivative action. As part of those fiduciary duties, it's my routine practice to monitor this case via PACER. Since 12/17/2025, former Counsel ceased communicating with me. Only through PACER have I obtained updates regarding the case.

    To date, I have been unable to obtain replacement counsel despite diligent efforts. Based on the responses I have received, it is extremely difficult to secure counsel for this case.

    On 1/1/2026, I discovered that Katz planned "...to file a motion to withdraw by the end of the week..." as reflected in Dkt. 15. I have not received any formal written notice of withdrawal from Katz nor have I received any client file.

    Primary attorney, Sibley, stated via email on 12/17/2025 at 10:23 am, that he "will no longer be working on this case." He did not formally submit a withdrawal notice to me. The first formal declaration of Sibley's intent to "no longer willing to enter an appearance" was known by me from viewing Dkt 15 using PACER. I have yet to receive a formal withdrawal, client file, or status of funds from Sibley. (EXHIBIT B)

    I sent Counsel an email on 12/22/2025 and another separate email to Katz on 1/6/2026. (EXHIBIT C) Counsel did not respond and has not directly communicated with me since 12/17/2025.

The client-attorney relationship breakdown began with Counsel's procedural expectations not being met following the Amended Complaint ("AC") filed on 11/24/2025. Between 11/25/2025 and 12/5/2025, via PACER, I observed a Notice of Appearance with a stipulation to answer the AC by 12/23/2025 from Morgan Stanley Smith Barney LLC ("MSSB"). I did not see an Affidavit of Service ("AoS") for the AC from Interactive Brokers Group, Inc. ("IBKR"). I emailed Counsel on 12/5/2025 at 1:34 pm to inquire about the status of IBKR's AoS. At 1:48 pm, Sibley responded, "...we are working on re-serving IBKR." At 3:28 pm Katz responded, "The complaint is out for service but a lawyer from Jones Day called me today... I'll let you know when I hear from him." I received no follow-up communication about the call. (EXHIBIT D)

On 12/12/2025, using PACER, I observed no AoS for AC posted for IBKR, and a docket entry on 12/11/2025 from Judge Kaplan for an initial conference scheduled for January 6, 2026.

After no communication from Counsel since 12/5/2025, I called Sibley on 12/12/2025 at 3:00 pm. Sibley stated the 1/6/2026 conference would be rescheduled. He mentioned an IBKR naming entity issue. At 3:05 pm, Sibley emailed Katz asking, 'What are they saying the correct name is?' At 3:33 pm, I emailed that "We believe the named entity for IBKR is correct." At 4:52 pm, I emailed asking about the status of IBKR's AoS for the AC. At 4:58 pm, Katz replied that "They're saying it's LLC vs. Inc." There was no mention of the AoS in Katz reply. At 5:16 pm, I sent supporting documentation for the Inc. entity. (EXHIBIT E) Counsel did not respond.

On Sunday 12/14/2025, I was concerned about the AoS of the AC to IBKR. I emailed Counsel a plan to get IBKR properly served. Additionally, I asked Counsel to identify the specific LLC entity that IBKR wished to have named. (EXHIBIT F)

Counsel did not provide any response until Tuesday 12/16/2025 at 9:57 am, when Sibley sent a link to a website. Additionally, he alluded to negotiations of which I had no knowledge. I replied at 1:10 pm, affirming adherence to the original named entity with reasons. I also asked about the AoS for IBKR and Judge Kaplan's conference. (EXHIBIT G)

Eighteen minutes later at 1:28 pm, Sibley emailed his reasoning and strategy for naming the LLC. Attached to this email was a Stipulation and Order that changed the named Defendant to Interactive Brokers LLC ("IB LLC"). Included in the document was an extension of time to March 2, 2026, to answer the AC, more than a 60-day waiver of service. He also mentions "waiver of service" for the first time and states "…the hearing on Jan 6 was a scheduling conference that will surely be reset." At 1:39 pm, I emailed a total rejection of the Stipulation and Order. I was unaware of any negotiations taking place and unaware of the conditions written in the Stipulation and Order. The proposal would have changed the structure, nature, and strategy of the case without prior consultation. I requested an immediate discussion. (EXHIBIT H)

At 5:19 pm, Counsel called me about changing the named Defendant to IB LLC. Counsel stated that an agreement would be needed that night. At 6:03 pm, I emailed Counsel with call discussion notes stating, "We do not agree to a change of entity or time extension tonight; we just heard about all of this." I also asked about the status of IBKR's AoS. At 7:05 pm, Sibley emailed comments about a conversation he just had "with IBKR lawyer." In the same message, he attached an AoS for the original complaint, not the AC as requested since Dec 5, eleven days prior. Sibley also attached a new Stipulation and Order showing Interactive Brokers Group, Inc. as the Defendant, and not the LLC he sent earlier. Included in the document was the same extension of time to March 2, 2026, to answer the AC. (EXHIBIT I)

On Wed. 12/17/2025, at 10:05 am, I emailed Counsel about the AoS for IBKR. At 10:23 am, Sibley replied he wanted to cease representation. He also stated, "I do not believe Adam is going to stay on either." Four minutes later, at 10:27 am, with no mention of leaving representation, Katz emailed issues about timing and Rule 4. Since 11/24/2025, I never received any explanation on these items. Adam also attached two AoS for the AC (EXHIBIT J):
- Morgan Stanley Smith Barney LLC dated Dec 11, 2025, at 9:45 am
- Interactive Brokers Group, Inc. dated Dec 3, 2025, at 4:05 pm (EXHIBIT K)

Neither of these Affidavits of Service received by prior counsel were uploaded to PACER.

I was not informed of Counsel's negotiations and any agreements regarding a 60-day extension. I did not receive notice of relevant deadlines until they were imminent. As a result, I had no meaningful opportunity to participate in these decisions and no practical alternative but to assent to the Stipulation and Order in Dkt. 12. During this same period, I also did not receive timely notice of matters of fundamental importance, including the proposed change to the IBKR defendant entity. This lack of communication contributed to the breakdown in the client-attorney relationship and has left the Plaintiff facing significant procedural difficulties.

I respectfully request the Court's guidance on how the case should proceed, including a status conference to address representation, procedural posture, and the path forward.

Respectfully submitted,

*/s/ Michael McGauley*

Michael McGauley
Owner, XDOOD LLC
1400 Hancock Street Fl 9
Quincy MA 02169
Email: mikemcgauley@xdood.com
Phone: (656)-230-1333