UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
XDOOD LLC, derivatively on behalf
of ELTEK, LTD.,

                          Plaintiff,              Case No.: .: 1:25-cv-08536 (LAK)

-against-

INTERACTIVE BROKERS GROUP, INC.,
MORGAN STANLEY SMITH BARNEY LLC,
JOHN DOES 1-10
                          Defendants.
-------------------------------------------------------------X

To:    The Depository Trust Company ("DTC") &
        Cede & Co. the nominal holder of record
        140 58th Street
        Brooklyn, NY 11220

## SCHEDULE A

### I. Definitions

      A. "You," "Your," and "DTC" means The Depository Trust Company, and for purposes of this Subpoena, includes its parent The Depository Trust & Clearing Corporation (DTCC), its nominee Cede & Co., and any and all departments, officers, employees, and agents.

      B. "DTC Records" means any and all documents or electronically stored information (ESI) regarding security positions, settlement, and custody, including but not limited to Security Position Reports (SPR), Participant Account Activity, Settlement Activity Reports, and records associated with specific DTC Participant Numbers.

      C. "Covered Period" means **January 1, 2019 through May 12, 2021**.

      D. "Covered Instruments" means all records related to the securities:  Eltek Ltd. trading under the NASDAQ Ticker Symbol ELTK; related derivative or linked product identified by CUSIP/CINS M40184109 and M40184208 , ISIN IL0010828411 , CIK (SEC EDGAR ID): 0001024672 during the Covered Period.

### II. Scope of Documents and ESI to Be Produced

Please produce the following records related to the Covered Instruments during the Covered Period:

A. Position & Master Listings: All Security Position Reports (SPR) and Cede & Co. Master Position Listings, including weekly, monthly, and "Date-of-Record" snapshots.

B. Participant activity: DTC Participant Account Activity and Settlement Activity Reports, including all records reflecting the movement of shares between DTC Participant Numbers.

C. Clearing & Settlement Systems: Daily Deliver and Receive Settlement Records, Continuous Net Settlement (CNS) Records, and all records within the Obligation Warehouse (OW) regarding matched, failed, or ex-clearing obligations.

D. Fails & Financing Records: 1. All Fail to Deliver (FTD) and Fail to Receive (FTR) records.
2. All records related to the Securities Financing Transaction (SFT) Clearing Service (or any successor to the Stock Borrow Program) involving the Covered Instruments.
3. All Pledged Position Reports reflecting shares used as collateral.

E. Transfer & Custody: All Deposit and Withdrawal at Custodian (DWAC) and Fast Automated Securities Transfer (FAST) records, including Inventory Management System (IMS) logs.

F. Corporate Actions: Any and all Corporate Action or Reorganization Records, including Letter of Transmittal records and "Dividend Position Reports."

**C. Ancillary Materials**

(a) Any communications, notices, or logs maintained by DTC/DTCC reflecting data quality issues, corrections, or system outages that would materially affect Security Position Reports (SPR), Settlement Activity Reports, or CNS records responsive to this subpoena for the Covered Period.

(b) Any audit logs or metadata sufficient to show when responsive settlement records, journal entries, or position adjustments were created, modified, or corrected within DTC's Inventory Management System (IMS) or related settlement platforms, to the extent maintained.

**III. Format of Production**

(a) Produce all position, settlement, and movement data in an industry-standard, machine-readable format (e.g., CSV, XLSX, or Parquet), with accompanying load files and field-level metadata.

(b) Provide a data dictionary or a copy of the relevant DTC Participant User Guide for each dataset and version, including field names, descriptions, value domains (specifically Reason Codes and Transaction Codes), code tables, and units.

(c) Provide a record layout describing tables, primary keys, and linkages required to reconstruct security movements, fails, and settlement lifecycles.

(d) Include a production cover letter identifying datasets, date ranges, instruments (CUSIPs/ISINs), and any exclusions or redactions.

(e) If any data is withheld, redacted, or not reasonably accessible (including data moved to "Archived" or "Cold Storage"), state the basis with sufficient detail to evaluate the claim and identify alternative sources or formats.

(f) All timestamps should include time zone and precision and specify the time standard used (e.g., UTC) and any clock-synchronization tolerances.

## IV. Time Period and Limitation

(a) The Covered Period is January 1, 2019 through May 12, 2021. If You contend that responsive records do not exist for any portion of this period, identify the affected dates and the reason.

(b) If exact matches for Covered Accounts/Parties or Covered Instruments are not feasible, produce records sufficient to identify and link the closest available identifiers (e.g., successor CUSIPs or merged Participant IDs) with an explanation of the mapping methodology.

## V. Confidentiality and Protective Measures

(a) If production of any materials is subject to confidentiality, privacy, or regulatory restrictions (including but not limited to DTC Rules or DTCC Privacy Policies), produce such materials subject to the Protective Order entered in this action on [date to be determined], or, if none exists, promptly confer with the undersigned to establish appropriate protections.

(b) To the extent that specific DTC participant data or personally identifiable information or sensitive customer data must be masked, tokenize or mask consistent with DTC s standard practices and provide the mapping method sufficient to maintain intra-dataset linkages without revealing underlying PII, unless otherwise ordered.

## VI. Instructions

(a) This subpoena requires a diligent search of all reasonably accessible records, including archived or backup repositories, to the extent they are used for the routine retrieval of Security Position Reports (SPR), Settlement Activity, or Inventory Management System (IMS) data.

(b) If compliance by the return date is impracticable, contact the undersigned promptly to discuss a reasonable schedule.

(c) This subpoena continues in effect until You have produced all responsive documents or have certified that no further responsive documents are in Your possession, custody, or control.

(d) If documents or data fields (such as specific Transaction Reason Codes) are withheld based on privilege, immunity, or proprietary trade secret objections, produce a log identifying the nature of the data, the basis for withholding, and sufficient detail to assess the claim.

(e) Do not destroy, alter, or modify responsive materials after receipt of this subpoena. Implement a litigation hold to preserve all settlement, fail, and position data related to the Covered Instruments for the Covered Period.

**VII. Certification**

I certify that this subpoena is issued for a proper purpose, that the information sought is relevant and proportional to the needs of the case, and that reasonable steps have been taken to avoid imposing undue burden or expense on the recipient.

**VIII. Objections and Motion to Quash**

Your rights to object or move to quash or modify this subpoena are preserved as provided by applicable law. Any objections shall be served in writing on the undersigned by the date and time set forth in the Federal Rules of Civil Procedure 45 (d). Failure to comply with this subpoena without adequate excuse may be deemed contempt of court.

Dated: New York, New York
       March 10, 2026

                                    The Law Offices of Peter Sverd, PLLC

                                    By: */s/ Peter Sverd*
                                    Peter Sverd, Esq. (PS0406)
                                    225 Broadway, Ste 613
                                    New York, NY 10007
                                    (646) 751-8743
                                    psverd@sverdlawfirm.com


SO ORDERED: _____
            Judge Lewis A. Kaplan, U.S.D.J.