UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
XDOOD LLC, derivatively on behalf
of ELTEK, LTD.,

                             Plaintiff,                    Case No.: 1:25-cv-08536 (LAK)

-against-

INTERACTIVE BROKERS GROUP, INC.,
MORGAN STANLEY SMITH BARNEY LLC,
JOHN DOES 1-10
                            Defendants.
-----------------------------------------------------------------X


**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO LIFT PSLRA
STAY PENDING DEFENDANTS' MOTIONS TO DISMISS**


                                Law Offices of Peter Sverd, PLLC
                                *Attorneys for Plaintiff XDOOD LLC*
                                *derivatively on behalf of Eltek, Ltd.*
                                225 Broadway, Suite 613
                                New York, New York 10007
                                (646) 751-8743
                                psverd@sverdlawfirm.com

Of Counsel:
Peter Sverd, Esq


To:    **By ECF ONLY**
        Leader Berkon Colao & Silverstein LLP
        *Attorneys for Defendant Morgan Stanley Smith Barney LLC*
        Michael J. Tiffany, Esq.
        630 Third Avenue
        New York, NY 10017
        Phone: (212) 486-2400
        mtiffany@leaderberkon.com

        Jones Day
        *Attorneys for Defendant Interactive Brokers LLC*
        Henry Klehm
        250 Vesey Street
        New York, NY 10281-1047
        Phone: (212) 326-3706
        hklehm@jonesday.com

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT …………………………………….......…………………1

BRIEF STATEMENT OF ARGUMENT…………………………………...…………….1

I. LIFTING THE STAY OF DISCOVERY WILL PREVENT UNDUE PREJUDICE TO PLAINTIFF…………………………………………...…………........................................1-2

      A. THE STATUTE OF REPOSE AND LIMITATIONS...............................................2-3

      B. THE STAY IS A CAUSE UNDUE PREJUDICE WHERE IT IS SHIELDING THE IDENTITY OF THE JDMS WHILE THE CLAIMS ASSERTED CONTINUE TO EXPIRE UNDER THE STATUTE OF LIMITATIONS AND REPOSE.......................3-5

II.  LIFTING THE STAY WOULD NOT VIOLATE THE SPIRIT OF THE PSLRA.................5

III.  THE DEMANDS ARE PARTICULARIZED..........................................................................5

CONCLUSION.....................................................................................................5

**TABLE OFAUTHORITIES**

Charles Schwab Corp. v. Bank of Am. Corp., 883 F.3d 68, 94 (2d Cir. 2018)...........................2
Gruber v. Gilbertson, 16-cv-9727, 2017 WL 38917007 ( S.D.N.Y 2017)....................................5

In re China Educ. All., Inc. Sec. Litig., No. 10-cv-09239, 2011 WL 3715969
 (C.D. Cal. 2011) ...............................................................  ..................................................5

In re WorldCom, Inc. Sec. Litig., 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002) .........................4

Justin v. Orshan, 14 A.D.3d 492, 788 N.Y.S.2d 407, 408 (2d Dep't 2005)...............................3

Orient Plus International Limited v. Baosheng Media Group Holdings Limited,
2024 WL 2317715 (SDNY 2024).................................................4, 5

SingularDTV, GmbH v. Doe, 637 F. Supp. 3d 38, 42 (S.D.N.Y. 2022) )......................................4

Vacold LLC v. Cerami, No. 00-cv-4024 (AGS), 2001 WL 167704 (S.D.N.Y. Feb. 16, 2001).......5

N.Y.C.P.L.R. § 213(8)...................................................................................................................2

CPLR § 1024........................................................................... ...................................................3

28 U.S.C. § 1658(b)........................................................ .......................................................1, 3
15 U.S.C. § 78u–4(b)(3)(B)..................... ........................................................................2

## PRELIMINARY STATEMENT

Plaintiff XDOOD LLC ("Plaintiff"), derivatively on behalf of Eltek, Ltd. ("Eltek"), submits this memorandum of law, along with the declaration of Michael McGauley dated March 10, 2026, with exhibits attached thereto, and the Declaration of Peter Sverd dated March 10, 2026 with exhibits thereto ("Sverd Dec."),   in support of Plaintiff's motion for an order lifting the automatic discovery stay under the Private Securities Litigation Reform Act ("PSLRA"), triggered by the Defendants' motion to dismiss the Amended Complaint, 15 U.S.C. § 78u-4(b)(3)(B).

## BRIEF STATEMENT OF ARGUMENT

Plaintiff seeks this relief for the limited and particularized purpose of identifying the names of the John Doe Minority Shareholders ("JDMS") through phased, discovery directed at non-party entities. Plaintiff will suffer undue prejudice if the stay is not lifted as the PSLRA and New York Common Law Fraud claims alleged to have been committed by the JDMS in 2019, 2020, and 2021 could become time-barred by the passage of time between now and when the Court issues a decision on Defendants' motion to dismiss.

The subpoenas are particularized to obtain the identity of the brokerages which traded Eltek stock during the time periods in question.  Only when that information is obtained will Plaintiff, have the information necessary to obtain discovery as to the identity of the JMDS.

## I.

## LIFTING THE STAY OF DISCOVERY WILL PREVENT UNDUE PREJUDICE TO PLAINTIFF

The Plaintiff is currently, and will continue to, suffer undue prejudice by the running of the PSLRA Statute of Repose ( 28 U.S.C. § 1658(b)), and the New York statute of limitations for

1

common law fraud (N.Y.C.P.L.R. § 213(8)). These limitations threaten to bar Plaintiff's pled instances of manipulative trading by JDMS, before the identity of JDMS, themselves, can be identified and added to this lawsuit. The PSLRA stay requires that, "[a]ll discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u–4(b)(3)(B).

**A.**

**THE STATUTE OF REPOSE AND LIMITATIONS**

The applicable PSLRA statute of repose is governed by the Securities Exchange Act, where claims sounding in fraud must be filed within the earlier of five years from the alleged violation or two years "after discovery of the facts constituting the violation." Charles Schwab Corp. v. Bank of Am. Corp., 883 F.3d 68, 94 (2d Cir. 2018)(citing 28 U.S.C. § 1658(b)). At bar the JDMS are alleged to have manipulated trading of Eltek stock between May 3, 2021 and May 12, 2021; the five year Statute of Repose expires in May 2026, less than 3 months from now. Plaintiff will be unduly prejudiced should this claim become time barred.

The stay of discovery is also unduly prejudicing the Plaintiff's prosecution of its state law common law fraud claims against the, yet unnamed, JDMS Defendants. The JDMS' are alleged to have cornered the market through manipulation between November 20, 2019-March 9, 2020 (¶¶'s 84-88), implement an Unlawful Manipulation Strategy on November 20, 2019, and manipulated the stock through High-Volume Manipulation on October 16, 2020 (¶ 77). The six (6) year statute of limitations for the New York common law fraud claims on the October 16, 2020 event will run on October 16, 2026. Plaintiff will be unduly prejudiced if the JDMS cannot be identified and served with process before the expiration of the six year statute of limitations. In such an event

2

(as with November 20, 2019-January 30, 2020 events), for the October 16, 2020 event to be timely, the Plaintiff will have to rely solely on the "relation back " doctrine when it seeks to amend its pleading to add the ' to be known' JDMS, to allege fraud under New York law. *CPLR § 1024*.

The relation back doctrine contains its own legal requirements and burdens that the Plaintiff must meet in order to render the claims 'timely.' Justin v. Orshan, 14 A.D.3d 492, 788 N.Y.S.2d 407, 408 (2d Dep't 2005). Plaintiffs will be unduly prejudiced by having to resort to CPLR 1024, where, but for the PSLRA stay, Plaintiff could have learned the identity of the JDMS' and served them prior to the expiration of the common law fraud statute of limitations.

**B.**

**THE STAY IS A CAUSE UNDUE PREJUDICE WHERE IT IS SHIELDING THE IDENTITY OF THE JDMS WHILE THE CLAIMS ASSERTED CONTINUE TO EXPIRE UNDER THE STATUTE OF LIMITATIONS AND REPOSE**

Caselaw within the Second Circuit addressing whether the PSLRA stay should be lifted to allow a plaintiff to take limited non-party discovery for purposes of identifying the name(s) of John Doe Defendants to avoid make timely claims, against them, were not located.

However, courts within this Circuit have permitted 'expedited discovery' John Doe discovery before discovery would otherwise be allowed "where the plaintiff asked for no more information than was necessary to identify and serve the defendant." See SingularDTV, GmbH v. Doe, 637 F. Supp. 3d 38, 42 (S.D.N.Y. 2022) (internal citations omitted).

In the PSLRA context, courts in this district deem "undue prejudice" to exist in instances where the stay of discovery would unfairly shield defendants from liability in the pending action, effectively, preventing the plaintiff from seeking redress for the alleged violations. The Court in Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd., No. 1:24-CV-00744 (JLR), 2024 WL 2317715, at *6 (S.D.N.Y. May 22, 2024) lifted the PSLRA stay to allow limited discovery

regarding two named defendant's contact information so plaintiff could effectuate service upon them. Reasoning that a substantial delay in the lawsuit might ultimately result in a defendant escaping liability notwithstanding plaintiffs' ability to state a claim against each defendant even without the discovery. 3 The court in Glob. Intellicom, Inc. v. Thomson Kernaghan & Co., No. 99-cv-00342 (DLC), 1999 WL 223158, at *2 (S.D.N.Y. Apr. 16, 1999)(failure to permit discovery might 'unfairly insulate defendants from liability for securities fraud as alleged by plaintiffs in the Complaint.); See also, In re WorldCom, Inc. Sec. Litig., 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002) (where a stay would effectively immunize defendants from liability or deny plaintiffs their right to effective relief, where discovery was permitted to obtain documents in the possession of the U.S. Attorney, the SEC, and WorldCom's Creditor's Committee in parallel ongoing actions);.

A U.S. District court in California lifted the PSLRA stay to permit the service of interrogatories to obtain information for service of process against named defendants. The court found undue prejudice reasoning that "a substantial delay in this lawsuit that might ultimately result in a defendant escaping liability notwithstanding plaintiffs' ability to state a claim against each defendant even without the discovery." *In re China Educ. All., Inc. Sec. Litig.*, No. 10-cv-09239, 2011 WL 3715969, at *4 (C.D. Cal. Aug. 22, 2011)

## II.

## LIFTING THE STAY WOULD NOT VIOLATE THE SPIRIT OF THE PSLRA

The requested relief is in the spirit of the PSLRA and is not being made for any improper purpose. The Plaintiff's are not engaged in a fishing expedition or an abusive strike suit, and the information sought is not capable of being used to reveal information to invent a claim not known or alleged in the original complaint. *Vacold LLC v. Cerami*, No. 00-cv-4024 (AGS), 2001 WL 167704, at *6 (S.D.N.Y. Feb. 16, 2001). Nor, is the requested information being sought to coerce

4

an early settlement. *Orient Plus International Limited v. Baosheng Media Group Holdings Limited, 2024 WL 2317715 (SDNY 2024).*

### III.

### **THE DEMANDS ARE PARTICULARIZED**

The offered subpoenas are "particularized", directed at specific entities and identifies specific types of evidence that fall within its scope." *Gruber v. Gilbertson, 16-cv-9727, 2017 WL 38917007 ( S.D.N.Y 2017)*.  Plaintiff's subpoenas are reasonably limited to seek and obtain information identifying the brokerages that traded in Eltek stock, which is an essential first step to tracking down the identity of the JDMS Defendants, so that they can be named in the suit and served.

### **CONCLUSION**

For the reasons set forth above, as well as, those set forth in the McGauley Declaration and the Sverd Declaration, the Plaintiff respectfully requests that the Court grant this instant motion in its entirety.

Dated: New York, New York
March 10, 2026

Respectfully submitted,

*/s/ Peter Sverd*
Peter Sverd, Esq.
(PS0406)

5

## <u>CERTIFICATION</u>

PETER SVERD, ESQ., an attorney duly admitted to practice law before United States District

Court, in and for The Southern District of New York, hereby certifies that the page numbers of

this brief are in accordance with the Rules of This Court, and conform to the Part Rules of The

Hon.  Lewis A. Kaplan, United States District Court Judge, and this brief consists of 1365 words.

      Dated: New York, New York
          March 10, 2026

                Respectfully submitted,

                */s/ Peter Sverd*
                Peter Sverd, Esq.
                (PS0406)