**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| XDOOD LLC, derivatively on behalf of ELTEK, LTD, | Case No. 1:25-cv-08536 (LAK) |
| Plaintiff, | |
| v. | |
| INTERACTIVE BROKERS GROUP, INC., MORGAN STANLEY SMITH BARNEY LLC, and JOHN DOES 1-10, | |
| Defendants. | |

**DEFENDANT INTERACTIVE BROKERS GROUP, INC.'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO LIFT PSLRA STAY**
**PENDING DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff's motion to lift the discovery stay under the Private Securities Litigation Reform Act (PSLRA) (Doc. 31) exposes Plaintiff's lawsuit for what it really is:  a transparent attempt to find out the identities of the John Does and go after them.  But federal securities lawsuits alleging fraud against highly reputable, Fortune 500 companies are not mere discovery vehicles in a plaintiff's pursuit of other parties.  *See Mangrove Partners Master Fund, LP v. 683 Capital Partners, LP*, 2020 WL 7335313, at *3 (S.D.N.Y. Dec. 14, 2020).  Those lawsuits are serious things.  Plaintiff is abusing the process in acting otherwise.

Discovery would not be proper here no matter the kind of case:  This complaint is facially defective, especially against "holding company" Interactive Brokers Group, Inc. (Am. Compl. ¶ 23), for a host of reasons.  This Court should resolve the pending motions to dismiss—and should grant swift dismissal with prejudice.  *See* Doc. 33 (Br. ISO Interactive Brokers' Mot. to Dismiss).  Discovery will never be necessary; and it is certainly not needed now.

That is especially so in an action governed by the PSLRA.  Through that statute, Congress made abundantly clear that, absent "exceptional circumstances," "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss."  15 U.S.C. § 78u-4(b)(3)(B); H.R. Conf. Rep. No. 104-369, at 37.  To justify the lifting of this stay and to meet these "exceptional circumstances," the plaintiff must prove that the requested discovery is "necessary to preserve evidence or to prevent undue prejudice to that party."  15 U.S.C. § 78u-4(b)(3)(B).

This requested discovery is neither.  Plaintiff wants to learn the identities of more brokerages who also executed trades of Eltek stock, as a "first step" to eventually (maybe) learning the identities of the John Does.  Doc. 31-7 at 8.  But a securities claim must "stand or fall based on the actual knowledge of the plaintiffs rather than information produced by defendants after the action has been filed."  *Mangrove*, 2020 WL 7335313, at *3 (quoting *Medhekar v. U.S. Dist. Court*

1

*for the N. Dist. of Cal.*, 99 F.3d 325, 328 (9th Cir. 1996)).  Far from an "exceptional circumstance,"

Plaintiff complains about ordinary delay in obtaining information—delay that's the normal

consequence of the automatic stay and delay that's the product of Plaintiff's own making.  Under

the PSLRA, this ordinary delay is not an extraordinary circumstance.  The looming expiration of

a statute of repose or limitations against a John Doe defendant does not justify lifting the PSLRA's

discovery stay.  Plaintiff's motion to lift the stay should therefore be denied.

## RELEVANT BACKGROUND

The full background is set out in the motions to dismiss, filed on March 16, 2026.  *See,*

*e.g.*, Doc. 33, Br. ISO Interactive Brokers' Mot. to Dismiss at 2–6.  To briefly summarize, Plaintiff

purports to sue derivatively for Eltek Ltd., seeking recovery against (1) the "masterminds" of the

alleged fraud, the John Does; (2) a broker-dealer (Morgan Stanley Smith Barney LLC); and (3) a

"holding company" that is the ultimate parent of a broker-dealer (Interactive Brokers Group, Inc.).

This Court dismissed the initial complaint because of its failure to comply with Civil Rule 8.

Plaintiff filed its amended complaint on November 25, 2025.

The amended complaint sues the wrong Interactive Brokers entity—a "holding company"

that Plaintiff concedes does not operate the trading platform.  Am. Compl. ¶¶ 1, 23.  After

"conduct[ing] due diligence" and confirming that Nonparty "Interactive Brokers, LLC is the

correct defendant in this action," Plaintiff's former counsel withdrew from the action to avoid

"unnecessary motion practice based on facially defective pleadings."  Doc. 16-1 at 2.  But despite

the offer from Interactive Brokers Group, Inc. to permit a further amendment to change the

Interactive Brokers defendant, Plaintiff refused to amend.  *See* Doc. 21-5 at 5, 6; Doc. 21-7 at 1,

2.  So did Plaintiff's new counsel, who entered an appearance after "[m]ultiple firms" declined to

take over the case.  Doc. 23 at 1.

At this Court's initial conference on February 18, 2026, Plaintiff's new counsel informed counsel for Interactive Brokers Group, Inc. and the Court that Plaintiff was standing on the complaint as is.  The Court thus set a briefing schedule for motions to dismiss, and Interactive Brokers Group, Inc. filed its motion on March 16, 2026.

## ARGUMENT

Plaintiff insists it will be unduly prejudiced if the PSLRA discovery stay is not lifted because its claims against the John Does "could become time-barred."  Doc. 31-7 at 4.  But that is not remotely what Congress had in mind for the exceptional circumstances needed to justify discovery while a motion to dismiss is pending.  Plaintiff's motion should therefore be denied.

**I.    A LOOMING TIME BAR AGAINST A JOHN DOE DEFENDANT DOES NOT JUSTIFY LIFTING THE PSLRA'S DISCOVERY STAY.**

While a "plaintiff bringing virtually any action other than a private securities fraud action is presumptively entitled to take discovery during the pendency of a motion to dismiss[,] . . . a securities fraud plaintiff is not."  *Mangrove*, 2020 WL 7335313, at *2.  Instead, the automatic stay until motions to dismiss are resolved—and the limited circumstances in which the stay can be displaced—is a critical part of the regime Congress envisioned when enacting the PSLRA.  *See Faulkner v. Verizon Commc'ns, Inc.*, 156 F. Supp. 2d 384, 404 (S.D.N.Y. 2001) (stay applies to "all discovery," including that of third parties).  Specifically, Congress sought to curb certain abusive practices in securities litigation.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007).  The PSLRA accordingly erects demanding pleading standards that must be satisfied before any discovery—and it guarantees that there will be no such discovery unless and until a court finds that the plaintiff has satisfied those heightened pleading standards.  *See* 15 U.S.C. § 78u-4(b)(3); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).

3

"'[E]xceptional circumstances' must exist in order to justify lifting the [discovery] stay" imposed by the PSLRA. *In re Farfetch Ltd. Sec. Litig.*, 2026 WL 538608, at *8 (S.D.N.Y. Feb. 26, 2026). The plaintiff bears the burden of showing that discovery is "necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B).

### A.    Plaintiff Has Failed To Prove Undue Prejudice.

Plaintiff has entirely failed to prove any undue prejudice. All Plaintiff has offered is that, if it is unable to identify the John Does within the statute of repose and statute of limitations, it will be prejudiced. But if that were "prejudice," it is certainly not "undue." "[U]ndue prejudice does not arise from a delay in the gathering of evidence"; after all, "this delay is an inherent part of every stay of discovery required by the PSLRA." *Mori v. Saito*, 802 F. Supp. 2d 520, 526 (S.D.N.Y. 2011) (internal quotation marks omitted); *see, e.g.*, *In re Smith Barney Transfer Agent Litig.*, 2006 WL 1738078, at *2 (S.D.N.Y. June 26, 2006). "[D]elay in and of itself" is thus "not sufficient to establish undue prejudice, as delay is simply a part of the process in a securities case." *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co. Ltd*, 2022 WL 1663560, at *2 (S.D.N.Y. May 25, 2022) (quoting *STMicroelectronics N.V. v. Credit Suisse Grp.*, 2009 WL 10695214, at *2 (E.D.N.Y. Apr. 27, 2009)); *see also In re Initial Public Offering Sec. Litig.*, 236 F. Supp. 2d 286, 287 (S.D.N.Y. 2002). As one court aptly put it, that kind of "prejudice" is "inherent to the PSLRA" and was "intended by Congress when it passed a statute requiring that [a] plaintiff plead a securities fraud claim that passes a motion to dismiss before she is entitled to discovery." *Mangrove*, 2020 WL 7335313, at *2. It "cannot be 'undue,' any more than the prejudice that inheres in damaging but admissible testimony can be 'unfair' or the delay inherent to every trial can be 'undue' pursuant to Federal Rule of Evidence 403." *Id.*

All this is especially so here, where any supposed "prejudice" in not being able to identify the John Does was a problem of Plaintiff's own making. Plaintiff's supposed plight stems not

even from any delay caused by the PSLRA's discovery stay, but rather from *its own* delay in timely pursuing its claims.  As Plaintiff concedes in its complaint, it had been thoroughly investigating trading in Eltek's stock since at least November 2019.  Am. Compl. ¶ 137.  By April 2020, Plaintiff had amassed enough information to submit "suspicious Eltek stock trading events to the SEC whistleblower website."  *Id.* ¶ 138.  And in February 2021, Plaintiff *commenced a lawsuit* regarding the same supposedly suspicious trading that's at issue in this case.  *Id.* ¶ 139.  Plaintiff was thus aware of the John Does' trading activity over five years ago.  *See* Doc. 33, Br. ISO Interactive Brokers' Mot. to Dismiss at 13–14.  But Plaintiff waited and waited to file this lawsuit. Any prejudice thus cannot be "undue":  Plaintiff's own conduct belies any claim of urgency or undue prejudice.

What's more, after all that waiting, Plaintiff filed a "facially defective" lawsuit—to quote Plaintiff's former counsel—against Interactive Brokers Group, Inc.  Doc. 16-1 at 2.  If the PSLRA's default stay ever applied—and if Congress's goal of ensuring motions to dismiss are resolved before discovery is ever fulfilled—it would be in a case like this, where the complaint fails badly across the board.  *See* Doc. 33 (Opening Br. ISO Mot. to Dismiss).

In the end, then, Plaintiff cannot use this defective lawsuit against a holding company as a vehicle to get the discovery it failed to obtain in all the years it investigated.  Its "argument to compel discovery fails because delay is an inherent part of every stay of discovery required by the PSLRA."  *In re Initial Pub. Offering Sec. Litig.*, 236 F. Supp. 2d at 287.

**B.      Plaintiff's Arguments To The Contrary Do Not Change This Conclusion.**

Plaintiff's arguments to the contrary only underscore this conclusion.

For one thing, even on its face, Plaintiff's discovery request is not "necessary."  *Contra* 15 U.S.C. § 78u-4(b)(3)(B).  It is, instead, only a "first step" to eventually, possibly, learning the identities of the John Does.  Doc. 31-7 (Br. ISO Mot. to Lift Discovery) at 8.  Even if Plaintiff's

requested subpoenas went out and were immediately followed, Plaintiff still would not know the identities of the John Does; it would instead have only the identities of more *brokerages*. As its motion concedes, Plaintiff would still need to "obtain discovery" *from them* (in some unspecified way) to possibly get at the identities of the John Does. *Id.* at 4.

Plaintiff also gestures at the PSLRA's purpose. But it is hard to see how Plaintiff's requested discovery would do anything but subvert those purposes—here, the purpose of ensuring that Plaintiff's complaint passes the heightened pleading requirements against Interactive Brokers Group, Inc. And in any event, the best way to see Congress's purpose is through a statute's plain text—which requires the plaintiff to prove "undue prejudice." *Cf. NECA-IBEW Pension Tr. Fund v. Bank of Am. Corp.*, 2011 WL 6844456, at *3 (S.D.N.Y. Dec. 29, 2011) (refusing to lift discovery stay for lack of undue prejudice "[e]ven where the goals of the PSLRA [we]re not frustrated").

Finally, Plaintiff's cases are far afield. Its lead case was not even a PSLRA case and still *rejected* the requested discovery, holding that the plaintiff had "failed entirely to explain why the Third-Party Subpoenas are necessary to identify Doe beyond asserting in a conclusory fashion that they are." *SingularDTV, GmbH v. Doe*, 637 F. Supp. 3d 38, 44 (S.D.N.Y. 2022). Just so here.

Plaintiff's PSLRA cases fare no better. In *Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*, 2024 WL 2317715 (S.D.N.Y. May 22, 2024), for example, discovery of email addresses was needed for service on *already-identified* directors, officers, and shareholders of Chinese corporation-defendants that had *already appeared*. *See also, e.g.*, *In re China Educ. All., Inc. Sec. Litig.*, 2011 WL 3715969 (C.D. Cal. Aug. 22, 2011) (similar). Nor is Plaintiff's requested discovery necessary to resolve Interactive Brokers Group, Inc.'s motion to dismiss; this Court has all it needs to do that. *Cf. Vacold LLC v. Cerami*, 2001 WL 167704 (S.D.N.Y. Feb. 16, 2001). And that is what it should do, after denying Plaintiff's motion here.

**CONCLUSION**

For these reasons, this Court should deny Plaintiff's motion to lift the discovery stay.


Dated:  March 19, 2026                               Respectfully submitted,

                                                     /s/ James R. Saywell
                                                     Geoffrey J. Ritts (*pro hac vice* forthcoming)
Henry Klehm III                                      James R. Saywell (*pro hac vice*)
JONES DAY                                            JONES DAY
250 Vesey Street                                     901 Lakeside Avenue
New York, NY 10281-1047                              Cleveland, Ohio 44114
Tel: (212) 326-3939                                  Telephone: (216) 586-3939
Facsimile: (212) 755-7306                            Fax: (216) 579-0212
hklehm@jonesday.com                                  jsaywell@jonesday.com

                                                     *Counsel for Defendant*
                                                     *Interactive Brokers Group, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 19, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ James R. Saywell*
James R. Saywell

*Counsel for Defendant*
*Interactive Brokers Group, Inc.*
