**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| XDOOD LLC, derivatively on behalf of ELTEK, LTD, <br><br>                 Plaintiff, <br><br>          v. <br><br> INTERACTIVE BROKERS GROUP, INC., MORGAN STANLEY SMITH BARNEY LLC, and JOHN DOES 1-10, <br><br>                 Defendants. | Civil Action: 1:25-cv-08536 (LAK) <br><br><br> ORAL ARGUMENT REQUESTED |

**DEFENDANT MORGAN STANLEY SMITH BARNEY LLC'S**
**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S**
<u>**MOTION TO LIFT PSLRA STAY OF DISCOVERY**</u>

Morgan Stanley Smith Barney LLC ("Morgan Stanley") respectfully submits this memorandum of law in opposition to Plaintiff XDOOD LLC's ("Plaintiff" or "XDOOD") Motion to Lift PSLRA Stay Pending Defendants' Motions to Dismiss (Dkt. 31).

## PRELIMINARY STATEMENT

As set forth in Morgan Stanley's motion to dismiss (Dkt. 33), Plaintiff's Amended Complaint fails decisively for numerous reasons. It fails to meet Federal Rule of Civil Procedure 23.1 derivative action requirements, it is barred by the statute of limitations, and it fails to state a claim as a matter of law (due to its conclusory and self-defeating allegations). As a result of the motion to dismiss, the Private Securities Litigation Reform Act (the "PSLRA") imposes a stringent automatic stay of all discovery. The automatic discovery stay provision is a critical rule within the PSLRA and a court may set aside the mandatory stay only under "extraordinary circumstances,"[1] which do not exist here.

Plaintiff makes only one feeble argument as to why the stay should be lifted: that it faces "undue prejudice" under the stay because the statute of limitations and statute of repose may run on Plaintiff's claims before it is allowed to seek discovery as to the identity of the John Doe defendants. But Plaintiff does not face "undue prejudice" as a result of the stay. As indicated in the Amended Complaint, Plaintiff discovered the John Doe trading at issue starting back in 2019, but then waited until 2025 to bring this lawsuit. At this point, if Plaintiff is impacted by the statutes of limitations or repose, that impact is the result of Plaintiff's own delay and not the normal application of the PSLRA's mandatory automatic stay. It would be antithetical to the

---

[1] *Dusek v. JP Morgan Chase & Co.*, 2015 WL 12826483, at *2 (M.D. Fla. Jan. 21, 2015); *Desmarais v. First Niagra Fin. Grp., Inc.*, No. CV 15-1226 (LPS) (CJB), 2016 WL 768257, at *1, *3 (D. Del. Feb. 26, 2016) ("[I]t was Congress's intent that the PSLRA's automatic stay provision would apply in all cases except those involving "exceptional circumstance[s]") (quoting S. Rep. No. 104–98, at 14 (1995)).

purpose of the PSLRA to allow a plaintiff to subvert the automatic stay by dragging its feet on its claims.

Moreover, the application of time limitations to claims is not an "extraordinary circumstance" that justifies lifting the stay.  Plaintiff cites no case making such a finding.  And the fact that Plaintiff is delayed in issuing this discovery to purportedly expand its (deficiently pled) lawsuit is, alone, an insufficient reason to lift the stay.  "[D]elay is an inherent part of every stay of discovery required by the PSLRA" and "[d]elay in and of itself is not sufficient to establish undue prejudice."[2]

Given the Amended Complaint's glaring deficiencies, this is exactly the type of meritless case that the PSLRA was designed to preclude from discovery while the Court decides the motions to dismiss.  Plaintiff has failed to meet its "heavy" burden[3] of establishing grounds to disregard the automatic stay's presumptive application.  Accordingly, Plaintiff's request to lift the PSLRA's automatic stay should be denied.

## BACKGROUND

In the Amended Complaint, Plaintiff alleges that, starting in November 2019, several unknown Eltek shareholders, who Plaintiff speculates may include "family offices" and "institutional investors" (hereafter, the "John Doe Defendants") manipulated Eltek's share price through deceptive practices like wash trades and spoofing in violation of Section 9(a)(1) and (2) of the Securities Exchange Act ("SEA").

---

[2] *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, No. 19-CV-10067 (PAE), 2022 WL 1663560, at *2 (S.D.N.Y. May 25, 2022).

[3] *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 38 (D.D.C. 2005).

Plaintiff also attempts to bring derivative fraud claims (under SEA Section 10(b), Rule 10b-5, and common law) against two trading platforms: Interactive Brokers Group, Inc., and Morgan Stanley (which operates E*TRADE).  Plaintiff's nonsensical claims against Morgan Stanley relate to a temporary Morgan Stanley policy that required purchases of Eltek shares be made by phone, and not electronically (the "P-Trade Policy").

As set forth in Morgan Stanley's motion to dismiss, Plaintiff's claims fail at the gate. The Amended Complaint is fatally deficient under Federal Rule of Civil Procedure 23.1 for multiple reasons, including Plaintiff's failure to verify the pleading or plead with particularity regarding a demand made on Eltek.  Moreover, Plaintiff's claims are time-barred and Plaintiff has not adequately pled any of the elements of its claims, including scienter, a manipulative act, reliance, a legally cognizable loss, and loss causation.  In sum, Plaintiff fails to establish anything close to a basis for suing on behalf of Eltek or a viable cause of action.

## ARGUMENT

The PSLRA mandates that "all discovery . . . shall be stayed during the pendency of any motion to dismiss, unless the court finds . . . that particularized discovery is necessary to preserve evidence or to prevent undue prejudice." 15 U.S.C. § 78u-4(b)(3)(B).  The PSLRA creates "a strong presumption that *no* discovery should take place until a court has affirmatively decided that a complaint does state a claim under the securities laws." *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) (emphases in original).

A court may set aside the mandatory stay only under "extraordinary circumstances." *Dusek v. JP Morgan Chase & Co.*, 2015 WL 12826483, at *2 (M.D. Fla. Jan. 21, 2015) (internal quotation marks omitted); *Desmarais v. First Niagra Fin. Grp., Inc.*, No. CV 15-1226 (LPS) (CJB), 2016 WL 768257, at *1, *3 (D. Del. Feb. 26, 2016) ("[I]t was Congress's intent that the

PSLRA's automatic stay provision would apply in all cases except those involving "exceptional circumstance[s]") (quoting S. Rep. No. 104–98, at 14 (1995)).  Specifically, a court may set aside the PSLRA stay only if (1) a movant makes a "particularized" discovery request and (2) when one of two additional circumstances are present: (a) relief from the stay is "necessary to preserve evidence" or (b) "to prevent undue prejudice." 15 U.S.C. § 78u-4(b)(3)(B); *see also In re Smith Barney Transfer Agent Litig.*, 2006 WL 1738078, at *1 (S.D.N.Y. June 26, 2006) (same).  The plaintiff bears the burden of making the necessary showing. *See Dusek*, 2015 WL 12826483, at *4. "The burden of establishing the need for a partial lifting of the discovery stay, not surprisingly, is a heavy one." *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 38 (D.D.C. 2005).  Here, Plaintiff fails to meet this heavy burden.

Indeed, Plaintiff's claim of "undue prejudice" is based entirely on the assertion that the stay unfairly prevents Plaintiff from issuing discovery to learn the identity of the John Doe Defendants before the statutes of limitations and repose run on its claims. Dkt. 31-7 (Br. ISO Mot. to Lift Stay) at 2.  But Plaintiff does not face "undue prejudice" as a result of the stay.  As indicated in the Amended Complaint, Plaintiff discovered the John Doe Defendants' trading at issue starting back in 2019, but then waited until 2025 to bring this lawsuit.  At this point, if Plaintiff is impacted by the statutes of limitations or repose, that is the result of its own delay and not the normal application of the PSLRA's mandatory automatic stay.

Indeed, according to the Amended Complaint, Plaintiff began scrutinizing Eltek trading in November 2019. (AC ¶ 139.)[4]  Then on February 9, 2021, Plaintiff filed a petition in New York State Supreme Court to purportedly "obtain critical information" about the identity of the

---

[4] The First Amended Complaint (Dkt. 6) is cited herein as "AC ¶ __."

John Doe Defendants that Plaintiff claims were manipulating Eltek's stock price. (AC ¶ 139.) Despite acknowledging a purported need for the identity of the John Doe Defendants back in February 2021, Plaintiff waited until 2025 to file its original complaint and seek information about the John Doe Defendants. In the context of this foot dragging, it is disingenuous for Plaintiff to claim that its purported concerns about time-barred claims are the result of the PSLRA's automatic stay (rather than its own delay).

Moreover, the fact that the statutes of limitations and repose apply to the claims here is not an "extraordinary circumstance" warranting the lifting of the stay. Plaintiff cites no case making such a finding. And the fact that Plaintiff is delayed in issuing this discovery to purportedly expand its (legally deficient) lawsuit is not, alone, a valid reason to lift the stay. "[D]elay in and of itself is not sufficient to establish undue prejudice, as delay is simply a part of the process in a securities case." *STMicroelectronics N.V. v. Credit Suisse Grp.*, No. 08 Civ. 3201 (CPS) (RML), 2009 WL 10695214, at \*2 (E.D.N.Y. Apr. 27, 2009) (citing cases); *see also In re Refco, Inc.*, No. 05 Civ. 8626(GEL), 2006 WL 2337212, at \*2 (S.D.N.Y. 2006) ("[D]elay is an inherent part of every stay of discovery required by the PSLRA") (citation omitted).

What is more, the cases that Plaintiff relies on to support its motion are inapposite. For example, Plaintiff relies on *SingularDTV, GmbH v. Doe*, 637 F. Supp. 3d 38 (S.D.N.Y. 2022), but that case does not involve the PSLRA at all. It does not even involve a stay. Rather, the case was about whether a plaintiff was entitled to expedited discovery – which the court denied because plaintiff failed to make a sufficient showing that it was warranted.

Moreover, in *Glob. Intellicom, Inc. v. Thomson Kernaghan & Co.*, No. 99 CIV 342 (DLC), 1999 WL 223158, at \*2 (S.D.N.Y. Apr. 16, 1999), a court lifted the stay for plaintiff due to defendant's overt actions in other forums that threatened to undermine plaintiff's ability to

6

obtain relief in that lawsuit.  In particular, defendants were attempting to take control of the plaintiff company in other forums, including through shareholder actions and related litigation. None of those unique facts are present here.  Similarly, *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301 (S.D.N.Y. 2002) is clearly distinguishable.  In that case, the court lifted the stay due to several "unique circumstances," including that other parties in parallel proceedings already had access to the documents the plaintiff sought and that, without lifting the stay, the plaintiff would be at a severe disadvantage in imminent settlement discussions.  *Id*. at 306.  None of those facts are present here.  Rather, in the case *sub judice*, Plaintiff's own conduct has created the timing issues that Plaintiff is now concerned about.

**<u>CONCLUSION</u>**

As set forth in Morgan Stanley's Motion to Dismiss, this case is deficient on several grounds and should be dismissed with prejudice.  In the meantime, under the PSLRA, the automatic stay should remain in place until the Court decides these gating issues.  Plaintiff has failed to meet the "heavy" burden of establishing otherwise.  Accordingly, Plaintiff's motion to lift the automatic stay should be denied.

Date: March 19, 2026

LEADER BERKON COLAO &
SILVERSTEIN LLP

By:  /s/ *Michael J. Tiffany*
Glen Silverstein, Esq.
gsilverstein@leaderberkon.com
Michael J. Tiffany, Esq.
mtiffany@leaderberkon.com
Daniel A. Johnson
djohnson@leaderberkon.com
630 Third Avenue, 17th Floor
New York, New York 10017

8

*Attorneys for Defendant Morgan Stanley
Smith Barney LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day caused the foregoing document to be electronically filed using the CM/ECF system, which will send notification of such filing to all counsel registered to receive such notice.

This 19th day of March, 2026.

By: /s/ *Michael J. Tiffany*