**Disclaimer**: The Following is an unofficial translation, and not necessarily an updated one. The binding version is the official Hebrew text. Readers are consequently advised to consult qualified professional counsel before making any decision in connection with the enactment, which is here presented in translation for their general information only.

# COMPANIES LAW 5759-1999

## PART ONE: INTERPRETATION

**Definitions**

1.  In this Law –

    "**debenture**" – a document issued by a company that evidences the existence of a monetary obligation owed by the company and defines its conditions, exclusive of capital notes and bills of exchange issued by the company in the course of its business;

    "**secured debenture**" – a debenture, in which the company' obligation under it is secured by a charge on some or all of the company's assets;

    "**means of control**" – each of the following:

    (1)   the right to vote at the company's General Meeting;

    (2)   the right to appoint a Director of the company;

    "**General Meeting**" – an Annual Meeting or an extraordinary meeting of the shareholders;

    "**Extraordinary Meeting**" – a General Meeting of the shareholders, which is not an Annual Meeting;

    "**Category Meeting**" – a meeting of holders of a category of shares;

    "**Annual Meeting**" – a shareholders meeting under section 60;

    "**stock exchange**" – a stock exchange in Israel, a stock exchange abroad and also a regulated market, as defined in the Joint Investment Trusts Law 5754-1994, which received approval by whoever is authorized to give it under the Law of the state in which it operates;

    "**stock exchange in Israel**" – a stock exchange that received a permit under the Securities Law;

    "**Court**" – the District Court;

    "**substantial shareholder**" – a person who holds 5% or more of the company's issued share capital or of voting rights in it;

    "**interested party**" – a substantial shareholder, a person with the power to appoint one or more Directors or the General Manager, and a person who serves in the company as a Director or as General Manager;

    "**controlling parcel**" – shares that give 25% or more of all the voting rights at the General Meeting;

    "**dividend**" – any asset given by the company to a shareholder by virtue of his right as a shareholder, whether in cash or in any other manner, including a transfer in kind without equivalent consideration, and exclusive of bonus shares;

    "**Director**" – a member of the company's Board of Directors and a person who de facto serves in a Director's position, no matter what his title;

    "**Outside Director**" – within its meaning in Part Six, Chapter One, Article Five;

    "**holding**" and "**acquisition**" – within their meaning in the Securities Law;

    "**private offering**" – an offer to issue securities of a public company, which is not an offering to the public, or an offering by a public company to sell its securities that it acquired under section 308, and which is not

an offering to the public;

"**substantial private offering**" – a private offering to which the provisions of section 270(5) apply;

"**purchase offer**" – a proposal to acquire shares, which is addressed to the company's shareholder public;

"**Board of Directors committee**" – a committee set up by the Board of Directors under the provisions of section 110;

"**stock exchange member**" – a person who is a member of a stock exchange in accordance with the stock exchange by-laws, within their meaning in section 46 of the Securities Law;

"**company**" – a company incorporated under this Law, under the Companies Ordinance, the Companies Ordinance 1921 or the Companies Ordinance 1919;

"**subsidiary**" – within its meaning in the Securities Law;

"**registration company**" – within its meaning in the Securities Law;

"**public benefit company**" – within its meaning in Chapter One "A" in Part Nine;

"**merging company**" – a target company and an absorbing company;

"**private company**" – a company that is not a public company;

"**public company**" – a company, the shares of which are listed for trading on a stock exchange or were offered to the public by prospectus, within its meaning in the Securities Law, or were offered to the public abroad under a public offering document required under a stature abroad, and which are held by the public;

"**absorbing company**" – a company, to which all the assets and obligations of the target company pass at a merger;

"**associated company**" – within its meaning in the Securities Law;

"**foreign company**" – a body corporate, other than a partnership, which was incorporated abroad;

"**target company**" – one or more companies about to merge into an absorbing company in a manner that will result in the company's liquidation;

"**Trust Law**" – the Trust Law 5739-1979;

"**Amutot Law**" – the Amutot (Nonprofit Companies) Law 5740-1980;

"**Securities Law**" – the Securities Law 5728-1968;

"**distribution**" – giving a dividend or undertaking to give it, either directly or indirectly, and also acquisition; and for this purpose,

"**acquisition**" – the direct or indirect acquisition or provision of financing for the acquisition – by a company, its subsidiary or another body corporate under its control – of the company's shares or of securities that are convertible into the company's shares or that can be realized as the company=s shares, or the redemption of redeemable securities that are part of the company=s equity in accordance with section 312(d), and including an undertaking to do any of these things – all that on condition that the seller is not the company itself or another body corporate that is wholly owned by the company;

"**day of incorporation**" – the date set by the Registrar in the company's Certificate of Incorporation as its day of incorporation;

"**entrepreneu**r" – a person who performs an act in the name of and in place of a company that has not yet been incorporated;

"**index**" – the Consumer Price Index which the Central Bureau of Statistics publishes;

"**merge**r", for purposes of Part Eight – the transfer of all assets and liabilities, including conditional, future, known and unknown liabilities of an target company to an absorbing company, in consequence of which the target company liquidates itself in accordance with section 323;

"**share**" – an array of rights in a company, prescribed in Law and in the by-laws;

"**bonus shares**" – shares with a company allocates without consideration to its shareholders who are entitled thereto;

"**number of votes**" – the number of votes of persons voting, in accordance with the voting rights prescribed for the shares by virtue of which vote the shareholders who participate in the meeting;

"**ID number**" –
(1)   in respect of a company registered in Israel – its registration number;
(2)   in respect of a registered company that is registered abroad – the state in which it is registered and its registration number, if it has a registration number;
(3)   in respect of any other body corporate that has a registration number under an enactment – its registration number;
(4)   in respect of an individual Israel resident – his ID number in the Population Register;
(5)   in respect of an individual who is not an Israel resident – the state where the passport was issued and the passport number;

"**address**" –
(1)   in respect of an individual Israel resident – his address, as recorded in the Population Register, and if he gave another address – the address he gave;
(2)   in respect of an individual who is not an Israel resident – his residential address, and if he gave another address – the address he gave;
(3)   in respect of a company registered in Israel – the address of its registered office;
(4)   in respect of a company registered abroad – the address of its office abroad, and if it gave an address in Israel – the address it gave;
(5)   in respect of any other body corporate that has a registered address under an enactment – its registered address;

"**offero**r", in a purchase offer – the person who makes the purchase offer;

"**pledge**" – within its meaning in the Pledges Law 5727-1967, as well as a floating charge;

"**presence of shareholder**", at a General Meeting – the shareholder's presence in person or by an agent, or by means of a proxy statement as said in section 87;

"**officer**" – Director, General Manager, Chief Business Manager, Deputy General Manager, Vice General Manager, any person who holds a said position in the company, even if he has a different title, and

4

also any other manager who is directly subject to the General Manager;

"**security**" – includes a share, a debenture, or rights to acquire, convert or sell each of those, all whether they are registered or to bearer;

"**offeree**", in a purchase offer – the owner of the shares, acquisition of which is proposed in the purchase offer;

"**series of debentures**" – two or more debentures of equal rank in respect of the monetary obligation and the surety for its payment;

"**personal interest**" – a person's personal interest in an act or a transaction of a company, including the personal interest of his relative and of another body corporate in which he or his relative is an interested party, and exclusive of a personal interest that stems from the fact of holding shares in the company;

"**transaction**" – an agreement or contract, as well as a unilateral decision by a company to grant a right or other benefit;

"**exceptional transaction**" – a transaction that is not in the ordinary course of the company's business, a transaction not on market conditions or a transaction that is liable to have a substantial effect on the company's profitability, property or obligations;

"**act**" – a legal act, whether by deed or abstention;

"**substantial act**" – an act that is liable to have a substantial effect on the company's profitability, property or obligations;

"**Companies Ordinance**" – the Companies Ordinance (New Version) 5743-1983;

"**premium**" – an amount, by which the consideration for an allocation of the company's shares exceeds the nominal value of those shares;

"**relative**" – spouse, brother or sister, parent, parent's parent, offspring or the spouse's offspring and the spouse of each of these;

"**Auditor**" – a Certified Public Accountant appointed in order to perform audit activities, as said in section 154;

"**Securities Authority**" – the Authority, within its meaning in the Securities Law;

"**Registrar of Endowments**" – within its meaning in the Trust Law;

"**Companies Registrar**", "**Registrar**" – the Companies Registrar, as said in section 36;

"**share certificate**" – a certificate that states that its holder is the owner of a bearer share;

"**floating charge**" – within its meaning in the Companies Ordinance;

"**contro**l" – within its meaning in the Securities Law;

"**derivative action**" – an action brought by a plaintiff in the name of a company because of its grounds for the action;

"**Memorandum**" – within its meaning in the Companies Ordinance, as it was immediately before this Law came into effect;

"**Certificate of Incorporation**" – a certificate signed by the Registrar that certifies the company's registration;

"**share document**" – a document in which the name of the owner registered in the company registers is stated, stating the number of shares he owns;

"**by-laws**" – a company's by-laws, as first submitted to the Registrar with the registration or as lawfully changed;

"**the Minister**" – the Minister of Justice.

## CHAPTER THREE: DERIVATIVE ACTIONS AND CLASS ACTIONS

### Article One: Derivative Action and Derivative Defense

**Prior conditions for bringing action**

194. (a)  Any shareholder and any Director of a company (in the Chapter: plaintiff) may bring a derivative action if the provisions of this Article apply.

(b)  If a person wishes to bring a derivative action, then he shall write to the company and demand that it exercise its rights fully by bringing action (in this Chapter: demand).

(c)  Demands shall be addressed to the Chairman of the company's Board of Directors, and they shall specify the facts that create the grounds for the action and the reasons for bringing it.

**Company's reaction**

195. If a company received a demand, then it may act in one of the following ways:

(1)  perform the act or adopt the decision by which the grounds for the demand are eliminated;

(2)  reject the plaintiff's demand for reasons that shall be specified in the decision;

(3)  decide to bring action.

**Company's reply to plaintiff**

196. The company shall inform the plaintiff within 45 days after the demand was received of the way it acted, as said in section 195, giving particulars of the action taken and of the factor that decided to do so, including the names of people who participated in adopting the decision; if a participant or an officer in the company has a personal interest in the decision, then that shall be stated in the decision and in the notification to the plaintiff.

**Right to bring derivative action**

197. A plaintiff may, with the Court's permission, bring a derivative action under the provisions of section 198, if one of the following applies:

(1)  In his opinion, the action taken or the decision adopted did not eliminate the grounds for the action;

(2)  the company rejected the plaintiff's demand, as said in section 195(2);

(3)  the company informed the plaintiff that it decided to bring action, as said in section 195(3), but the action was not brought within 75 days after the notice;

(4)  the company did not reply to the demand in accordance with the provisions of section 196.

**Approval of derivative action**

61

198. (a) A derivative requires approval by the Court, and it shall approve it if it is satisfied that the action and its conduct are, a priori, to the benefit of the company, and that the plaintiff is not acting otherwise than in good faith.

(b) The Court may approve a derivative action before the times set in sections 196 or 197 have elapsed, if it concluded that bringing action at that time will cause it to be prescribed, and it may make its approval conditional on the fulfillment of conditions set in this Article for bringing a derivative action.

(c) In this Article, "**Court**" – the Court qualified to hear the action.

### Fees and costs

199. (a) When a derivative action is brought, the plaintiff shall only pay part of the Court fees, in a proportion to be set by the Minister.

(b) If the Court approved a derivative action, then the company shall refund the fee the plaintiff paid to him and it shall pay the remainder of the Court fees in respect of the derivative action in the manner and at the rate set by the Minister, and notwithstanding the provision of any statute non-payment of the Court fee shall not impede hearing the action; the Court may –

(1) order how and when Court fees are to be paid, including division of payment of the fee between the plaintiff and the company;

(2) order the company to pay the plaintiff amounts set by it to cover his costs, or to deposit security for their payment;

(3) the company to deposit surety to cover the defendant=s costs.

### Costs

200. If the Court pronounced judgment in a derivative action and adjudged costs to the defendant, then the company shall pay the costs adjudged as aforesaid, unless the Court determined – for special reasons that shall be recorded – that the plaintiff pay the costs, and it may impose payment of the plaintiff's costs on the company, and it may also impose on the plaintiff payment of all or some of the costs caused to the company, taking into account the judgment and the other circumstances of the case.

### Advocate=s fees in a derivative action

200A.(a) The Court shall set the fees of the advocate who represented the plaintiff in a derivative action; the advocate shall not accept legal fees in an amount greater than the amount set by the Court.

(a) The fees shall be paid by the company, unless the Court decided – for special reasons that shall be recorded – that the plaintiff pay the legal fees.

### Remuneration

201. If the Court found in the company's favor, then it may order