Case 1:25-cv-08536-LAK    Document 47-10    Filed 04/10/26    Page 1 of 5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MICHAEL McGAULEY,

                                    Petitioner,

For an Order pursuant to CPLR 3102(c) to compel
disclosure pre action from

E*TRADE SECURITIES LLC,

                                    Respondent,

of the identity of the defendants John Does and/or Jane
Does being unknown to the Petitioner, in an arbitration
about to be commenced.

Index No.: 151395/2021

Hon. Lawrence Love

Mtn. Seq. No. 001

**REPLY MEMORANDUM OF
LAW IN SUPPORT OF
PETITION**

Petitioner Michael McGauley ("McGauley" or "Petitioner"), respectfully submits this reply memorandum of law in further support of his Petition for an Order pursuant to Section 3102(c) of the Civil Practice Law and Rules, requesting issuance of an order compelling deposition and disclosure from E*Trade Securities LLC ("E*Trade" or "Respondent") as follows:

## ARGUMENT

### A.  Section 3102(c) Specifically Contemplates Pre-Arbitration Discovery.

Respondent argues that because of the agreement between the parties containing an arbitration provision, that Petitioner may not sustain this action in this forum for deposition and disclosure. Opp. at 1. However, under NY CPLR § 3102(c), "[b]efore an action is commenced, disclosure to aid in bringing an action, to preserve information ***or to aid in arbitration***, may be obtained, but only by court order." (Emphasis added). Therefore, the statute specifically contemplates parties—as Petitioner does here—conducting discovery to aid in a potential forthcoming arbitration.

Respondent's case law in the Opposition is not helpful. For example, in *Est. of Matter of Wallace,* 239 A.D.2d 14, 16, 667 N.Y.S.2d 768 (1998), the court held that it lacked subject matter

Case 1:25-cv-08536-LAK    Document 47-10    Filed 04/10/26    Page 2 of 5

jurisdiction and the holding had nothing to do with the fact that a pre-action disclosure process might be used in a different court. And in *Hooper v. Motor Vehicle Acc. Indemnification Corp.*, 42 Misc. 2d 446, 447, 248 N.Y.S.2d 255 (Sup. Ct. 1963), the court held that pre-action disclosure should be used sparingly where an arbitration is contemplated, and, in that case, declined to allow disclosure of documents that would assist a party in proving their claims.

Here, however, Petitioner does not seek information or evidence in proving his claims against Respondent. Rather, Petitioner seeks information and evidence to determine all potential parties to the forthcoming arbitration. Holzman v. Manhattan & Bronx Surface Tr. Operating Auth., 271 A.D.2d 346, 347 (1st Dep't. 2000). This is the "sparing" use of NY CPLR § 3102(c) that New York courts permit. It is unreasonable to expect Petitioner to frame his entire case against Respondent and whoever else may be responsible for the restrictions on the ELTK shares without obtaining in the information uniquely in Respondent's knowledge. Therefore, Petitioner has shown the "necessity" to obtain the discovery.

Respondent's argument should be denied on this point.

### B. Petitioner Has A Meritorious Cause Of Action.

Respondent argues that Plaintiff has no claim for either breach of contract or breach of the implied covenant of good faith and fair dealing.

### 1. Breach of Contract

Respondent first argues that the contract between Petitioner and Respondent is not really a contract based on the supposed holding of *Stewart v. J.P. Morgan Chase & Co.*, 2004 U.S. Dist. LEXIS 16114 (S.D.N.Y. 2004). But that case, in fact, does hold the agreement between broker and consumer was enforceable, just that there was no breach. Here, Respondent points to language in the Agreement that permits it to suspend trading but fails to emphasize that such suspension

Case 1:25-cv-08536-LAK Document 47-10 Filed 04/10/26 Page 3 of 5

must be "**IN ACCORDANCE WITH THE TERMS OF THIS CUSTOMER AGREEMENT**."

Agreement at ¶ 1. Here, the Agreement only allows Respondent to suspend online trading only for

system upgrades, repairs, or modifications. *See* Agreement at § 11. There is zero evidence that

this is the reason for Respondent's suspension of ELTK trading. In fact, Respondent admits that it

has halted online trading indefinitely on ELTK shares based on a temporary suspension of trading

from the NASDAQ. Opp. at 3.

Next, Respondent claims that Petitioner cannot demonstrate any damages resulting from

Respondent's inexplicable restrictions on the ELTK shares. Opp. at 8. First, McGauley has

incurred lost time and money as result of having his account with Respondent unilaterally

cancelled, forcing him to transfer his shares to another broker and the attendant costs and time

incurred with that. *See* Exhibits A1 and A2 to Affirmation of Steven A. Weg.

In addition, as is evidenced from the Affidavit of Heins Karam (Exhibit B1), the market

for ELTK shares has been dramatically frustrated by Respondent's restrictions on the online

purchases of ELTK shares. The Karam Affidavit demonstrates that—whatever ELTK may be

trading for now—the value would likely be much higher, but for Respondent's hamstringing of the

ELTK trading through its ridiculous and arbitrary restrictions on trading.

Respondent's argument fails on this point.

### 2. Covenant of Good Faith and Fair Dealing

Alternatively, Petitioner has shown a breach of the implied covenant of good faith and fair

dealing in the Agreement. Respondent's argument is, essentially, that because it supposedly has

the absolute discretion to do whatever it wants under the Agreement, that a claim for breach of the

implied covenant cannot lie. Opp. at 9. But as discussed above, Respondent may only suspend

trading under an enumerated set of conditions, which are not applicable here. Therefore, Respondent's argument on this point fails.

### C. Respondent's Futility Argument Fails.

Respondent closes by arguing that the Petition is futile because Respondent is supposedly bound by law not to reveal the reasons for halting trading of ELTK. Respondent provides no detailed explanation of why this is or what specific laws apply to what specific issues pertinent to this case. Respondent's argument proves too much. If claiming "trust me, I can't tell you anything because it's all privileged" was a legitimate basis to resist a deposition, then few depositions would occur. As with any privilege, if such a privilege truly exists, Petitioner should be permitted to probe the applicability of any supposed privileges with Respondent and determine their legitimacy. Petitioner should not just have to take Respondent at its word. Moreover, it seems completely implausible that every pertinent fact regarding the halting of the ELTK shares would be privileged. Surely, there are some facts—such as who else was involved in the halting of the ELTK shares—that could be revealed.

### D. Respondents Did Not Serve An Answer

CPLR 403(b) provides for an Answer to be served in a special proceeding. Respondent did not serve an Answer and the Petition should be granted on default.

### CONCLUSION

For all of these reasons, the Court should issue an order granting the Petition.

Dated: New York, New York
June 25, 2021

> KOFFSKY SCHWALB LLC
> By: /s/ Steven A. Weg
> Steven A. Weg
> 500 Seventh Avenue, 8th Floor
> New York, New York 10018
> (646) 553-1590
> sweg@koffskyschwalb.com

Case 1:25-cv-08536-LAK Document 47-10 Filed 04/10/26 Page 5 of 5

CAMARA & SIBLEY L.L.P.
Joe Sibley, Esq. (Pro Hac Vice Pending
1108 Lavaca Street, Suite 110263
Austin, Texas 78701
Telephone:  (713) 966-6789
Fax:  (713) 583-1131
Email:  sibley@camarasibley.com

*Attorneys for Petitioner*